PEOPLE ex rel. BASSETT v. WARDEN OF CITY PRISON OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

1. INTOXICATING LIQUORS—LIQUOR TAX LAW—GIVING AWAY FOOD.

Laws 1896, c. 112, § 4 (Liquor Tax Law), continues in force all valid licenses in existence when the law went into effect until the expiration of the term for which granted, and provides that the rights and liabilities of the holders shall be governed by the laws then in force, except as otherwise expressly provided. Section 44, repealing former laws, contains a proviso by which those provisions "relating to the transfer, cancellation, or revocation of a license, the collection of penalties, or prosecutions for the violation of law, shall continue in force as to any license which has not expired at the time this act takes effect until the expiration thereof." *Held*, that the rights preserved by such section to the holder of a license are those conferred by the license, or the laws under which it was issued, only, and that the possession of a license was no defense to a prosecution of the holder for the violation of section 31, subd. e, of the liquor tax law, prohibiting the giving away of any food to be eaten on premises where liquor is sold, such act not being referred to by the license or any prior laws. 38 N. Y. Supp. 837, affirmed.

2. SAME—CONSTITUTIONAL LAW—DUE PROCESS OF LAW.

Laws 1896, c. 112, § 31, subd. e, prohibiting the giving away of any food to be eaten on premises where liquor is sold, is not in violation of Const. art. 1, § 6, securing every person in liberty and property unless deprived thereof by due process of law, nor of the fourteenth amendment to the federal constitution, to the same effect, but is a regulation of the liquor traffic, which is within the police powers of the state.

Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Habeas corpus by Benjamin Bassett against the warden of the city prison of the city of New York. From an order dismissing the writ (38 N. Y. Supp. 837) the relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Samuel Untermyer, for appellant.
George Gordon Battle, for respondent.

INGRAHAM, J. The relator was arrested and held for violating subdivision e of section 31, c. 112, Laws 1896, known as the "Liquor Tax Law." It is there provided that it shall not be lawful for any corporation, association, co-partnership, or person, whether having paid such tax or not, "to sell or expose for sale or have on the premises where liquor is sold, any liquor which is adulterated with any deleterious drug, substance or liquid which is poisonous or injurious to health or to give away any food to be eaten on such premises." By section 45 it is provided that this act shall take effect immediately. Thus by this section the act of giving away food to be eaten

on premises where liquor is sold is declared unlawful.    There is no qualification to this provision, nothing to justify the court in saying that it was the intention of the legislature to except any class or individual from the operation of ·this prohibition, but the plain provision is that it shall not be lawful for any one, whether having paid a tax under the provisions, of the act or not, to give away food to be eaten on premises where liquor is sold.    The appellant, however, insists that certain other sections of the act indicate that it was not intended that this section 31 should apply to those holding licenses which were in force when this act took effect during the continuance of the term of such licenses.    The three sections relied on by the appellant are sections 4, 9, and 44 of the act.    By section 4 it is provided that every license granted before the passage of the act "which is valid when this act takes effect, shall be, and remain, valid for the term for which it was granted, except as herein provided, unless sooner cancelled under the provisions of the law under which it was granted, and the rights and liabilities of the holder thereof during such term shall be governed by the laws in force immediately prior to the taking effect of this act, except as otherwise expressly provided in this act, but such license shall cease, determine," etc. There is nothing in this section that prescribes what acts shall or shall not be lawful for a person holding a license.    It is true that the rights and liabilities of the holder of a license must be governed by the laws in force immediately prior to the taking effect of this act, but it does not say that he may do acts which are declared by the express provisions of this law unlawful.    The license granted to the appellant, and which was in force at the time this act took effect, did not, directly or indirectly, either authorize him to sell or give away food or prohibit him from selling or giving away food upon the premises.    He acquired no right by virtue of that license, except to engage in the sale of liquor to be drunk on the premises in the city of New York during portions of each day except Sunday; and his rights and liabilities under that license were to be governed by the law under which the license was granted, except as otherwise expressly provided for in the new act.    But whether or not an act distinct from the sale of liquor was a crime, it could hardly be said to be one of the rights or liabilities under the license; and, as the statute itself expressly provided that no one should give away food upon premises where liquor is sold, it would come within its provisions as an act which was expressly prohibited.

We do not think that section 9 applies at all, as it merely refers to the duty of the special deputy commissioners in certain counties. Such special deputies were required to perform all the duties theretofore conferred upon boards of excise or excise commissioners under any law repealed by the act during the continuance of any license theretofore granted, as to the transfer, surrender, or revocation ·thereof, or as to prosecuting offenders for violations of law under any law existing immediately prior to the passage of this act.    As the boards of excise were abolished, it was made the duty of the new deputy commissioners to perform all of the duties of the old board of excise as to crimes which had been committed prior to the passage

of the act, or in violation of the law so far as the same should continue in force until licenses granted under it had expired.    There is nothing that could be in any way construed as providing for what shall or shall not be lawful after the passage of the act.

The section principally relied upon by the respondent is section 44, which contains a repealing clause, by which certain acts in force for the regulation of the liquor traffic are repealed, with a saving clause regulating such repeal. ˉ The provision relied on by the appellant is: "Of the laws enumerated in the schedule hereto annexed, that portion specified in the last column is repealed, but the provisions of any such law relating to the transfer, cancellation or revocation of a license, the collection of penalties or prosecutions for the violation of law shall continue in force as to any license, which has not expired at the time this act takes effect, until the expiration thereof."    There is nothing in this section, however, that determines what is or what is not a violation of law, nor is there anything limiting the express provisions of section 31, which makes certain acts therein specified unlawful.    It is true that the provisions of any law in force relating to the infliction of penalties, or to prosecutions for violations of the law, continue in force as to any license which has not expired; but our attention is not called to any provisions of law in force ˙at the time that either prohibited or authorized the holder of a license to give away food ˙to be eaten on the premises upon which he carried on his business.    Assuming that it was the intention of this saving clause to continue all the provisions of law as to the authority granted by the license, and as to the prohibitions contained in the existing laws in force as to any license which had not expired, the existence of such laws would not be at all inconsistent with the operation of section 31.    While several of the acts therein prohibited were not illegal under the existing laws, they are declared illegal by this section; but as none of them was expressly authorized by existing laws, or came within the purview of existing licenses, the mere continuing in force of such existing laws would not be at all inconsistent with the enforcement of the prohibition contained in section 31 of the act.    Reading these three sections together, the intention is clear, namely, that during the time the license was to continue the licensee was to be allowed to do what the license expressly authorized him to do, but in all other respects he was to be the subject to the provisions of the act.

The relator also claims that this provision is in violation of both the state and the federal constitutions; that it violates section 6 of article 1 of the constitution of this state and the fourteenth amendment of the federal constitution; the relator claiming that by this provision, which prevents him from giving away food to persons to be eaten upon the premises upon which he sold liquor, he might be deprived of liberty or property without due process of law."    There can be no doubt of the power of the legislature to regulate the traffic in liquor, and the power to regulate must include the power to determine upon what premises liquor shall be sold, and what other use shall be made of such premises.    Neither the liberty nor property of this relator was at all interfered with by the provision pro-

hibiting him from using the premises in which he sold liquor for the gratuitous distribution of food. He could give away all the food that he pleased at other places. Neither his liberty to do what he pleased with his food, nor his property in the food itself, or power of disposition of it, was at all interfered with. All that was included in the provision was that these premises, used at the time for the sale of liquor, whether under a license or under the authority contained in the act for the payment of the tax, should not be used at the same time for the giving away of food to be there eaten. It is entirely clear that this was a reasonable regulation for the use of the premises in which liquor was to be sold, and entirely within the power of the legislature.

Our conclusion is, therefore, that the order appealed from should be affirmed, with costs.

WILLIAMS, PATTERSON, and O'BRIEN, JJ., concur. VAN BRUNT, P. J., dissents.